UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

May 31, 2022

LETTER TO COUNSEL

Re: *Joann Johnson Lawson v. Kilolo Kijakazi, Commissioner, Social Security Administration*[1]
Civil No. AAQ-21-00383

Dear Counsel:

On February 16, 2021, Plaintiff Joann Johnson Lawson ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability insurance financial assistance and supplemental security financial assistance under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 15, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

I. **The History of this Case**

Plaintiff filed her claim for financial assistance on May 2, 2018, alleging a disability onset date of January 1, 2017. ECF No. 10 at 233. An Administrative Law Judge ("ALJ") denied Plaintiff's claim initially and upon reconsideration. ECF No. 15-1 at 1. Plaintiff then requested a hearing before an ALJ, which took place telephonically on June 17, 2020. *Id.* Following that hearing, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame. ECF No. 10 at 17-34. The Appeals Council denied Plaintiff's request for review, ECF No. 10 at 1-6, thus, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] When this proceeding began, Andrew Saul was the Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of the Social Security Administration and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

*Joann Johnson Lawson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-00383
May 31, 2022
Page: 2

The ALJ found that Plaintiff suffered from the severe impairments of "obesity; bilateral knee osteoarthritis status post total left knee replacement (TKA); degenerative disc disease of the lumbar spine with radiculopathy; and neurosarcoidosis." ECF No. 10 at 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand and/or walk for two hours in an eight-hour day; she can occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, and scaffolds; and she must avoid even moderate exposure to unprotected heights, moving mechanical parts, dusts, fumes, odors, and pulmonary irritants.

*Id.* at 24. The ALJ determined that Plaintiff was able to perform past relevant work as a secretary, as the performance of those work-related activities was not precluded by her RFC. *Id.* at 27-28. Therefore, the ALJ determined that Plaintiff did not have a disability. *Id.* at 28.

## II.   Plaintiff's Arguments on Appeal

Plaintiff raises one argument on appeal, specifically that the ALJ presented legally insufficient RFC hypotheticals to the Vocational Expert ("VE"). ECF No. 15-1 at 10-12. In support of this argument, Plaintiff states that the ALJ, when formulating the hypotheticals, failed to: 1) adequately credit the opinion of her medical source and pain management provider, Dr. Nia Valentine ("Dr. Valentine"); and 2) consider all of Plaintiff's physical limitations, as evidenced by the ALJ's assessment of Plaintiff's RFC. *Id.*

At step five of the five-step sequential evaluation process, a VE may be used to assist in "'determining whether there is work available in the national economy which this particular claimant can perform.'" *Britt v. Saul*, 860 Fed.Appx. 256, 263 (4th Cir. 2021) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)). The ALJ may pose a hypothetical question to the VE regarding a claimant's RFC and rely on the answer given, as long as the hypothetical question, "'adequately reflect[s]' a residual functional capacity that is supported by sufficient evidence." *Id.* (quoting *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)). The ALJ's hypotheticals should ensure that the VE knows what the claimant's abilities and limitations are. *See Walker*, 889 F.2d at 51. However, the hypothetical need not include all limitations which a Plaintiff claims. "Rather the hypothetical must 'fairly set out all of [the] claimant's impairments' in the ALJ's view." *Catir v. Astrue*, No. SKG-09-2325, 2011 WL 1599288, at *9 (D. Md. Apr. 27, 2011) (quoting *Walker*, 889 F.2d at 50-51). Hypotheticals have been deemed sufficient where they "reflect [all] impairments supported by the record." *Russel v. Barnhart*, 58 Fed.Appx. 25, 30 (4th Cir. 2003).

In this case, the ALJ posed five separate hypotheticals to the VE regarding Plaintiff's RFC. ECF No. 10 at 64-69. All five assume an individual of Plaintiff's age, education, and past work.

*Joann Johnson Lawson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-00383
May 31, 2022
Page: 3

*Id.* The ALJ began with a hypothetical of medium exertional limitations and the addition of the following: posture limitations; limits on climbing ramps, stairs, ladders, ropes, and scaffolds; limits on balancing, stooping, kneeling, crouching, and crawling; and environmental limitations. *Id.* at 64. The ALJ then moved on to light exertion limitations and placed additional limitations on the claimant's ability to stand, walk, and sit. *Id.* Finally, the ALJ included hypotheticals in which there were limitations such as alternating between sitting and standing at will, needing a cane to stand and walk, and a cap on time spent standing, walking, and sitting. *Id.* at 66-68.

First, Plaintiff deems these hypotheticals as insufficient because the ALJ "did not adequately evaluate the opinion of Dr. Valentine, which [supported] more restrictive physical limitations." ECF No. 15-1 at 11. Dr. Valentine's opinion included limiting Plaintiff to sitting, standing, and walking less than two hours in an eight-hour day and elevating her legs seventy five percent of the time. ECF No. 10, Ex. 19F. These limitations were not included in the ALJ's hypotheticals to the VE. *Id.* at 64-69.

When evaluating medical opinions for claims filed on or after March 27, 2017, the ALJ must follow the regulations set out in 20 C.F.R § 416.920c. These regulations ask the ALJ to consider the persuasiveness of the medical opinion itself, with a focus on factors such as supportability, consistency, relationship with claimant, and specialization, among others. *See* 20 C.F.R § 416.920c. Specifically, the ALJ is to articulate how they considered the supportability and consistency factors, but do not need to explain how other factors were considered. *See William H v. Comm'r, Soc. Sec. Admin.,* No. SAG-21-0826, 2022 WL 1451893, at *2 (D. Md. May 9, 2022); 20 C.F.R. § 414.920c(b)(2).

Here, the ALJ determined Dr. Valentine's opinion to be inconsistent with the record as a whole and lacking support from Dr. Valentine's own examinations in the treatment record. ECF No. 10 at 27. The ALJ noted that Dr. Valentine's treatment record reflected "tenderness in the claimant's paraspinal muscles and mild weakness in her feet, but are otherwise largely normal, with full strength, a normal gait, and no assistive device." *Id.* Having opined on the supportability and consistency of Dr. Valentine's opinion, the ALJ followed the proper legal standards in reaching his conclusion that the opinion was not persuasive. *See id.* Even if I were to disagree with the conclusion of that evaluation, I cannot re-weigh conflicting evidence or substitute my judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence. *See Craig,* 76 F.3d at 589.

Having determined not to credit Dr. Valentine's opinion, the ALJ did not err in omitting the limitations Dr. Valentine set out. *See Catir,* 2011 WL 1599288, at *9. In addition, as previously noted, the law does not require every single limitation for which there is some evidence to be included in the hypothetical. *Id.* The ALJ need only ensure the hypotheticals include Plaintiff's limitations as supported by the record. *Id.; see also Russel,* 58 Fed.Appx. at 30. Here, the ALJ did so by posing broad and varied hypotheticals which reflected various evidence in the

*Joann Johnson Lawson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-00383
May 31, 2022
Page: 4

record he credited. For example, the ALJ posed hypotheticals which included Plaintiff's own testimony of needing a cane to maneuver. ECF No. 10 at 51-52, 67. The hypotheticals also reflect evidence in the record of sarcoidosis, necessitating environmental limitations. *Id.* at 54-55,64-69. Further, hypotheticals broaching two different work levels (medium and light) as well as varying limitations on sitting, standing, and walking reflect evidence in the record as to Plaintiff's physical impairments stemming from her bilateral knee osteoarthritis status post total left knee replacement and degenerative disc disease of the lumbar spine with radiculopathy. ECF No. 10 at 64-69. The sum total of such hypotheticals "'adequately reflect[s]' a residual functional capacity that is supported by sufficient evidence." *Britt,* 860 Fed.Appx. at 263 (quoting *Johnson,* 434 F.3d at 659).

Second, Plaintiff cites to the ALJ's final written RFC determination in support of her argument that her full range of physical limitations were not considered when formulating the hypotheticals. In support of this argument, Plaintiff says it was "unconscionable for the ALJ to find [Plaintiff] can lift 20 pounds and sit six hours…when the MRIs of her lumbar spine have consistently shown that the condition of her lower back has worsened." ECF No. 15-1 at 10. While the final RFC determination notes Plaintiff is capable of light work (which by definition includes lifting no more than 20 pounds at a time) with some additional limitations, ECF No. 10 at 24, this written determination is not what was actually presented in the hypotheticals posed to the VE during the hearing and thus has little bearing on Plaintiff's argument. The hypotheticals posed were extensive in nature and included limitations which the ALJ ultimately decided not to include in his final written RFC determination.[2] *Compare* ECF No. 10 at 24 *with* ECF No. 10 at 64-69.[3]

In light of the foregoing, the hypotheticals posed to the VE were legally sufficient and the decision of the ALJ does not warrant remand.

### III.   Conclusion

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 17, is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, ECF No. 15, and the SSA's

---

[2] The issue of whether a proper RFC analysis was conducted to arrive at this final RFC determination was not briefed by Plaintiff in her motion. However, I note it would be likewise unconvincing given the adequate evidence, logical bridge, and conclusion supplied by the ALJ in his decision. *See Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)).

[3] The final written RFC determination omitted mention of needing to alternate between sitting and standing at will, which the AJ posed to the VE in his third hypothetical. In addition, limitations raised in the fourth hypothetical referenced needing a cane to stand and walk, but no such mention is found in the final written RFC determination. The final written RFC determination likewise did not impose a limitation of sitting for two hours in an eight-hour day, which the AJ posed to the VE in his fifth hypothetical. Instead, the final written RFC determination only placed a limitation on Plaintiff's ability to stand and/or walk for two hours in an eight-hour day.

*Joann Johnson Lawson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-00383
May 31, 2022
Page: 5

judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.  An implementing order follows.

                                          Sincerely,

                                          /s/
                                          Ajmel A. Quereshi
                                          United States Magistrate Judge